IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD H. SAYLER**<br>35146 Quartermane<br>Bentleyville, OH 44139<br><br>And<br><br>**LUCINDA J. SAYLER**<br>35146 Quartermane<br>Bentleyville, OH 44139<br><br>Plaintiffs<br><br>v.<br><br>**DAVOL, INC.**<br>c/o Statutory Agent<br>C T Corporation System<br>815 Superior Avenue, N.E.<br>Cleveland, OH 44114<br><br>And<br><br>**C.R. BARD, INC.**<br>c/o Statutory Agent<br>C T Corporation System<br>815 Superior Avenue, N.E.<br>Cleveland, OH 44114<br><br>Defendants | ) | Case No.<br><br>Judge<br><br>**COMPLAINT**<br><br>**Jury Demand Endorsed Hereon** |

First Claim for Relief

1. This court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 inasmuch as this is a diversity action and the amount in controversy is in excess of $75,000 exclusive of interest and costs. At all times relevant, Plaintiffs were and are residents of the State of Ohio.

2. Defendant Davol, Inc. (“Davol”) is a corporation that is incorporated under the laws of the State of Rhode Island. Davol has its principal place of business

in the State of Rhode Island. It manufactures the Composix® Kugel® Hernia Patch ("Kugel Patch"), an FDA-approved Class II medical device, which is intended to facilitate the repair of ventral hernias. Davol focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant Davol has marketed and/or sold and/or distributed its Kugel Patch product within the Northern District of Ohio.

4. Defendant C.R. Bard, Inc. ("Bard") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of Davol, and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies Davol with material that forms part of the Kugel Patch.

5. Defendant Bard has marketed and/or sold and/or distributed the Kugel Patch product within the Northern District of Ohio.

6. On or about December 7, 2005, Plaintiff Richard H. Sayler was implanted with a Large Oval (5.4″ x 7.0″) Bard Composix® Kugel® Hernia Patch, Lot number 43DPD310, in connection with a surgical hernia repair.

7. Said Kugel Patch failed to function as it was designed and intended.

8. Defendants Davol and Bard were aware that their Kugel Patch implants were malfunctioning and had design and/or manufacturing flaws. Despite this knowledge, Defendants Davol and Bard both continued to market and sell Kugel Patches, and also failed to timely and adequately inform the FDA, surgical service personnel, surgeons, hospital risk managers, and patients of the serious adverse health risks that the Kugel Patch's design and/or manufacturing flaws presented.

9. On or about December 22, 2005, and on several occasions thereafter, the FDA issued a recall of various categories of product codes and lot codes of the Kugel Patch. On January 10, 2007, this recall was extended to include the Kugel Patch implanted in Plaintiff Richard H. Sayler on or about December 7, 2005. On February 1, 2007, the Kugel Patch became the subject of a Class I recall.

10. Defendants Davol and Bard's product was defective in its design, manufacture, and construction, was defective in that it did not conform to representations made by its manufacturer, and was defective due to Defendants' Davol and Bard's failure to test, warn, and instruct and/or to do so adequately, both at the time of design, manufacture and marketing, and thereafter.

11. Defendants Davol and Bard breached their warranties of fitness and merchantability with respect to this product.

12. Defendants Davol and Bard engaged in careless and/or deceptive and/or unconscionable and/or unreasonable business and sales practices with regard to the product(s) at issue.

13. As a direct and proximate result of the conduct of the Defendant as described above, Plaintiff Richard H. Sayler has suffered severe injury, has endured conscious pain and suffering, has been rendered disabled, has incurred hospital, medical, and equipment expenses, has suffered a loss of earning capacity and other economic loss, and was otherwise injured, the extent of which will be more fully adduced at the trial of this matter. All of the foregoing injuries and damages will continue into the future for an indefinite period of time.

WHEREFORE, Plaintiff Richard H. Sayler prays for judgment against Defendant in an amount in excess of Seventy Five Thousand Dollars ($75,000.00),

which will fully, fairly, and adequately compensate him for his injury, damage, and loss.

## Second Claim for Relief

14. Now comes Plaintiff, Lucinda J. Sayler, and incorporates as if fully rewritten herein the allegations set forth in the First Claim for Relief, and further states that she is the wife of Plaintiff Richard H. Sayler.

15. As a direct and proximate result of the aforedescribed conduct of Defendants, Plaintiff Lucinda J. Sayler has been deprived of the society, aid, services, consortium, and support of her husband, has incurred medical and other expenses, and has otherwise suffered loss, the extent of which will be more fully adduced at the trial of this matter.

WHEREFORE, Plaintiff Lucinda J. Sayler prays for judgment against Defendants in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), which will fully, fairly, and adequately compensate her for her injury, damage, and loss.

WHEREFORE, Plaintiffs Richard H. Sayler and Lucinda J. Sayler pray for judgment against the Defendants in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), together with the fees and costs of this action, which will fully, fairly, and adequately compensate for the aforementioned injury, damage, and loss, and any further relief the Court deems equitable and just.

A TRIAL BY JURY IS HEREBY DEMANDED.

*s/Peter J. Brodhead*
PETER J. BRODHEAD (0006733)
NICHOLAS A. DICELLO (0075745)
SPANGENBERG, SHIBLEY & LIBER
1900 East Ninth Street, Suite 2400
Cleveland, Ohio 44114
(216) 696-3232
FAX: (216) 696-3924
pjb@spanglaw.com
nad@spanglaw.com