**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD H. SAYLER and LUCINDA SAYLER, | ) | |
| Plaintiffs | ) | Civil Action No.: 1:07-cv-00765-LW |
| v. | ) | |
| DAVOL INC. and C. R. BARD, INC. | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF C.R. BARD, INC. AND DAVOL INC.**

Defendant C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), by and through its counsel, answers the plaintiff's Complaint (the "Complaint") as follows:

**FIRST CLAIM FOR RELIEF**

1. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

2. Davol admits that it is a Delaware corporation with its principal place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island 02920. Davol further admits that at various times it manufactured the Composix® Kugel® Hernia Patch, a Class II medical device, for use by prescribing physicians in accordance with its accompanying labeling information in the repair of ventral hernias.

3. Davol admits that at various times it marketed, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information within the Northern District of Ohio.

4. Bard admits that it is a New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Bard further admits that Davol is its subsidiary. Bard denies the remaining allegations.

5. Bard denies the allegations contained in Paragraph 5.

6. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 6 and therefore deny the allegation.

7. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 7 and therefore deny the allegation.

8. Bard and Davol deny the allegations contained in Paragraph 8.

9. Bard and Davol deny the allegation as phrased. Bard and Davol state that Davol initiated a limited voluntary recall of the certain larger-sized Composix® Kugel® Hernia Patches on December 22, 2005, March 24, 2006, and January 10, 2007. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore deny the allegations.

10. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

11. The allegations contained in this Paragraph are subject to a pending motion to dismiss. Without waiving any argument raised in Bard's and Davol's motion to dismiss, Bard and Davol state the allegations in this paragraph are conclusions of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

12. The allegations contained in this Paragraph are subject to a pending motion to dismiss. Without waiving any argument raised in Bard's and Davol's motion to dismiss, Bard

and Davol state the allegations in this paragraph are conclusions of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

13. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

## **SECOND CLAIM FOR RELIEF**

14. In response to Paragraph 14 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

15. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

## **SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bard and Davol upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar plaintiffs' claims against Bard and Davol in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiffs' claims against Bard and Davol in whole or in part.

4. Applicable statutes of limitations, statutes of repose, and the doctrine of laches bar plaintiffs' claims in whole or in part.

5. Plaintiffs' or their agents', including their physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiffs' claims in whole or in part.

6. If plaintiffs used a product sold by Bard or Davol, then plaintiffs' claims are barred, in whole or in part, because plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

7. Any alleged negligent or culpable conduct of Bard and Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

8. Plaintiffs are responsible, in whole or in part, for any injuries they suffered as a result of their own negligence and his acts or omissions and therefore plaintiffs' right to recover is barred given their comparative fault is greater than that of Bard and/or Davol.

9. If plaintiffs used a product sold by Bard or Davol, plaintiffs used the product for off-label purposes, which bars the plaintiffs' claims.

10. The learned intermediary doctrine bars plaintiffs' claims.

11. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

13. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

14. Plaintiffs' claims are subsumed, in whole or in part, by applicable state law.

15. The laws of one or more jurisdictions other than Ohio may apply to plaintiffs' claims in whole or in part.

16. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

17. If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard and Davol are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard or Davol. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

18. Plaintiffs' claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiffs' own idiosyncratic reactions.

19. Plaintiffs failed to mitigate, which limits plaintiffs' damages, if any, in whole or in part.

20. Bard and Davol have no legal relationship or privity with plaintiffs and owe no duty to plaintiffs by which liability could be attributed to it.

21. Bard and Davol made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, whether express or implied, which Bard and Davol specifically deny, then plaintiffs failed to give notice of any breach thereof. Moreover, Bard and Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

23. If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard or Davol product.

24. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard or Davol, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiffs may have suffered, if any.

25. To the extent plaintiffs' Complaint seeks punitive damages, such claims are barred because such an award would violate Bard's and Davol's due process, equal protection and other rights under the United States Constitution, the Ohio Constitution, and any other applicable law.

26. To the extent plaintiffs' Complaint seeks punitive damages, such claims are barred because plaintiffs have failed to allege conduct warranting the imposition of punitive damages under the Ohio and/or other applicable laws.

27. To the extent plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

28. Bard and Davol hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

Respectfully submitted this 17th day of April, 2007.

**s/Jeffrey S. Moeller**
Gary D. Hermann (0025285)
Jeffrey S. Moeller (0074512)
Attorney for Defendant
HERMANN, CAHN & SCHNEIDER, LLP
1301 East Ninth Street, Suite 500
Cleveland, OH 44114
Tel: 216-781-5515
Fax: 216-781-1030
Email: jmoeller@hcsattys.com

Of Counsel:
Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

JURY DEMAND

Defendants demand trial by jury of all issues so triable.

Respectfully Submitted:

**s/Jeffrey S. Moeller**
Gary D. Hermann (0025285)
Jeffrey S. Moeller (0074512)
Attorney for Defendants
HERMANN, CAHN & SCHNEIDER, LLP
1301 East Ninth Street, Suite 500
Cleveland, OH 44114
Tel: 216-781-5515
Fax: 216-781-1030
jmoeller@hcsattys.com

Of Counsel:
Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

CERTIFICATE OF SERVICE

On this 17th day of April, 2007, the foregoing Answer was served via the Court's electronic distribution system.

**s/Jeffrey S. Moeller**
Jeffrey S. Moeller (0074512)
Attorney for Defendants