**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD H. SAYLER and LUCINDA SAYLER, | ) | |
| Plaintiffs | ) | Civil Action No.: 1:07-cv-00765-LW |
| v. | ) | |
| DAVOL INC. and C. R. BARD, INC. | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS**

In this medical device product liability case, plaintiff claims that C. R. Bard, Inc.'s and Davol Inc.'s Composix® Kugel® Hernia Patch, an FDA-approved sterile polypropylene mesh prosthesis designed for use in all forms of hernia repair, caused him unspecified injury following his December 7, 2005 hernia repair. Ohio's Product Liability Act has preempted several of plaintiffs' claims and Bard respectfully requests these claims be dismissed. Further, plaintiffs have failed to meet their pleadings requirements under Rules 8(a) and 9(b) in regard to their deceptive trade practices claim.

## ARGUMENT

### A. Standard of Review

Fed. R. Civ. P 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "Dismissal is proper only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claims that would entitle [him] to relief." *Performance Contracting, Inc. v. Seaboard Sur. Co.*, 163 F.3d 366, 369 (6th Cir.1998). A complaint can only survive a motion to dismiss if it "contain[s] either direct or inferential

allegations with respect to all material elements necessary to sustain a recovery under some *viable* legal theory." *Performance Contracting, Inc.*, 163 F.3d at 369 (emphasis supplied); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (Rule 12(b)(6) dismissal improper unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

Here, plaintiffs' implied warranty and deceptive trade practices claims are preempted by Ohio's Product Liability Act, therefore plaintiffs cannot prove any set of facts justifying recovery.

**B. Plaintiffs' Breach of Implied Warranty of Merchantability and Fitness for Particular Purpose Are Preempted.**

Plaintiffs summarily allege: "Defendants Davol and Bard breached their warranties of fitness and merchantability with respect to this product." Pl[s'] Compl. ¶ 11. Notwithstanding the blatant lack of specificity even under Rule 8's liberal standards, such claims are preempted in Ohio. The Ohio General Assembly, effective April 7, 2005, eliminated common law product liability causes of actions thus requiring all causes of action for personal injury stemming from an allegedly defective product to be prosecuted under the Ohio Product Liability Act ("OPLA"). *See, e.g.*, *Routzahn v. Garrison*, No. 21190, 2006 WL 1984498, at *10 (Ohio App. July 14, 2006). This preemptive effect encompasses claims for breaches of implied warranties. *Brown v. Teledyne Continental Motors, Inc.*, No. 1:06-cv-00026, 2006 WL 3256531, at *3 (N.D. Ohio Nov. 9, 2006) (recognizing preemption of implied warranty claims for personal injury by Ohio Product Liability Act); *Thomas v. Ford Motor Co.*, No. 1:06-cv-00201, 2006 WL 1423501, at *2 (N.D. Ohio May 10, 2006) (same). Plaintiffs' claims are legally unrecognizable and therefore dismissal is warranted.

**C. Plaintiffs' Common Law Deceptive Trade Practices Claim is Impermissibly Vague and Preempted by State Law.**

**1. Plaintiffs' Claims Fail to Meet Federal Pleading Requirements.**

a. Rule 8(a)

Plaintiffs posit: "Defendants Davol and Bard engaged in careless and/or deceptive and/or unconscionable and/or unreasonable business and sales practices with regard to the product(s) at issue." Pl[s'] Compl. ¶ 12. This lone statement is the extent plaintiffs aver in regard to any allegedly deceptive acts committed by defendants. Plaintiff provides no detail as to what, if any, unfair or deceptive acts Defendants committed in relation to the Composix® Kugel® Hernia Patch. Nor do they state when these supposed acts might have occurred, who made them or to whom they were made. The complaint is devoid of any factual underpinning to this claim.

While the complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994). While liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Advocacy Organization for Parents and Providers v. Auto Club Insurance Association*, 176 F.3d 315, 319 (6th Cir. 1999) ("Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.") (quotations omitted); *see also In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) (citation omitted). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Here, plaintiffs' bare-bone legal conclusions are devoid of any direct or inferential allegations regarding what improper sales or business acts defendants supposedly committed.

b. <u>Rule 9(b)</u>

As plaintiffs' claims fail under Rule 8(a), they certainly must fail the heightened pleading requirement for fraud under Rule 9(b). The Sixth Circuit has interpreted Rule 9(b) to require that a plaintiff "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir.2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir.1993)).

Several courts have determined that in order to properly plead a claim for deceptive trade practices a plaintiff must adhere to Rule 9(b)'s heightened pleading requirements. *See, e.g., Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1321-22 (M.D. Florida 2002) ("Most courts construing claims alleging [deceptive trade practices] have required the heightened pleading standard requirements of Rule 9(b).") (citations omitted); *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 825 (N.D. Tex. 2001) ("Claims alleging [deceptive trade practices] are subject to the requirements of Rule 9(b).") (citations omitted); *Frith v. Guardian Life Insurance Co.*, 9 F. Supp. 2d 734, 741-743 (S.D. Tex. 1998) (same); *Witherspoon v. Philip Morris Inc.*, 964 F. Supp. 455, 464 (D.D.C. 1997) (same); *Burton v. R.J. Renyolds Tobacco Co.*, 884 F. Supp. 1515, 1524 (D. Kan. 1995) (same); NCC Sunday Inserts, Inc. v. World Color Press, Inc., 692 F.Supp. 327, 330 (S.D.N.Y.1988) (same); Duran v. Clover Club Foods Co., 616 F.Supp. 790, 793 (D.Colo.1985) (same); *cf. Toner v. Allstate Insurance Co.*, 821 F. Supp. 276, 283 (D. Del. 1993) ("requirements of [Rule 9(b)] apply to all cases where the gravamen of the claim is fraud even though the theory is not technically termed fraud.") (citations omitted). Here, plaintiffs allege that defendants committed deception in its business and sales practices regarding

the Composix® Kugel® Hernia Patch and nothing more. Such pleading, in addition to being horribly afoul of Rule 8(a), also fails to satisfy Rule 9(b).

**2. Plaintiffs Deceptive Trade Practices Claim is Preempted.**

As noted above, Ohio has eliminated common law product liability causes of actions requiring all causes of action for personal injury stemming from an allegedly defective product to be prosecuted under the OPLA. *See, e.g., Routzahn v. Garrison*, No. 21190, 2006 WL 1984498, at *10 (Ohio App. July 14, 2006). To the extent that plaintiffs allege common law careless, deceptive, unconscionable, or unreasonable business or sales practices in relation to the Composix® Kugel® Hernia Patch such claims are preempted.

**CONCLUSION**

For the foregoing reasons, C. R. Bard, Inc. and Davol Inc. respectfully requests that the Court grant its motion to dismiss and dismiss plaintiffs' claims as outlined above.

Respectfully submitted this 17th day of April, 2007.

**s/Jeffrey S. Moeller**
Gary D. Hermann (0025285)
Jeffrey S. Moeller (0074512)
Attorney for Defendant
HERMANN, CAHN & SCHNEIDER, LLP
1301 East Ninth Street, Suite 500
Cleveland, OH 44114
Tel: 216-781-5515
Fax: 216-781-1030
Email: jmoeller@hcsattys.com

Of Counsel:
Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2007, a copy of the foregoing Memorandum in Support of C. R. Bard, Inc.'s and Davol Inc.'s Motion to Dismiss was served via the Court's electronic distribution system.

**s/Jeffrey S. Moeller**
Gary D. Hermann (0025285)
Jeffrey S. Moeller (0074512)
Attorney for Defendant
HERMANN, CAHN & SCHNEIDER, LLP
1301 East Ninth Street, Suite 500
Cleveland, OH 44114
Tel: 216-781-5515
Fax: 216-781-1030
Email: jmoeller@hcsattys.com