**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD H. SAYLER and LUCINDA SAYLER, | ) | |
| Plaintiffs | ) | Civil Action No.: 1:07-cv-00765-LW |
| v. | ) | |
| DAVOL INC. and C. R. BARD, INC. | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS AND DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STAY PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

C.R. Bard, Inc. and Davol Inc. filed their Partial Motion to Dismiss seeking dismissal of plaintiffs' breach of implied warranty and deceptive trade practices claims. Plaintiffs did not oppose, and thus appear to have conceded, the motion to dismiss the implied warranty claims. Their arguments opposing the deceptive trade practices claim are unavailing and it, too, should be dismissed.

Contained within plaintiffs' opposition to defendants' partial motion to dismiss is a request to stay progress in this case pending a decision by the Judicial Panel on Multidistrict Litigation as to whether an MDL is appropriate and, if so, where one would be based. Such a request contradicts the JPML's Rules, its case law interpreting its Rules, and the considerations of judicial economy that inform those rules. As such, the request for a stay should be denied.

## ARGUMENT

### I. Plaintiffs' Motion to Stay The Motion To Dismiss Should Be Denied.

Plaintiffs' request for a stay of this Court's pretrial management of this case, including its power to resolve the pending partial motion to dismiss seeks to unnecessarily deprive this Court of its jurisdiction. While the issue of whether or not to grant a stay is within the sound discretion of this Court, a stay would delay justice and multiply court proceedings, and thus should be denied.

At the outset, no MDL has been formed and, in fact, the matter has not even been taken up by the JPML.[1] Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation counsels against a stay. *Id.* ("The pendency of a motion . . . before the Panel concerning transfer . . . of an action pursuant to 28 U.S.C. § 1407 does *not* affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does *not* in any way limit the pretrial jurisdiction of that court.") (emphasis supplied). Other courts confronted with this very issue have ruled that a stay was inappropriate. *See, e.g., U.S. ex rel. Cosens v. Yale-New Haven Hosp.*, 233 F. Supp. 2d 319, 321 (D. Conn. 2002) (finding that MDL motion that has not been ruled on to be no bar to district court ruling on motion to dismiss); *Tortola Restaurants, L.P. v. Kimberely-Clark Corp.*, 987 F. Supp. 1186, 1189 (N.D. Cal. 1997) ("transferor Court [ ] 'retains exclusive jurisdiction until the § 1407 transfer becomes effective . . . .'"). Plaintiffs' presumption that an MDL will be formed is baseless and should have no bearing on this Court's decision.

This is not a matter in which deference to a possible future MDL court is appropriate. The primary function of an MDL judge is to coordinate discovery and related pretrial matters

[1] A hearing on the need for an MDL is scheduled for May 31, 2007. It is unknown when a decision by the JPML will be forthcoming and what that decision may be.

across multiple cases, not to apply state law to dispositive motions. The fully-briefed partial motion to dismiss now before this Court will have to be decided by some Court, is fully briefed, and is today before the Court best suited to apply Ohio law to decide it. The Court should decline plaintiffs' invitation to postpone that decision due to the possibility that it may then become the burden of some other court to decide. *See, e.g., Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1047-48 (D. Kan 1999) ("No great judicial economy will be realized from a delay. The parties will not save time, for they have already briefed the remand issue."). The issues presented in defendants' partial motion to dismiss are exclusively creatures of Ohio law; law in which this Court is well versed. To have a foreign federal court, inexperienced in Ohio law, resolve uniquely Ohio state law questions constitutes a waste of judicial resources. Other courts confronted with this issue have ruled similarly. *See, e.g., Greene v. Wyeth*, 344 F. Supp. 2d 674, 678-79 (D. Nev. 2004) ("determination of the . . . issue presented in this case will rely on . . . interpretation of Nevada law . . . and . . . it is clear that a court within the District of Nevada is best-suited for consideration of the [state law] matter."); *Aetna*, 54 F. Supp. 2d at 1047-48 (D. Kan 1999) (finding resolution of remand issue requires interpretation of state law and that a federal court sitting in that state to be better situated to address that issue); *Kohl v. American Home Prods. Corp.*, 78 F. Supp. 2d 885, 887-88 (W.D. Ark. 1999) ("The issues raised in the motion to remand turn on an interpreting of state law. As such, uniformity in handling of the [consolidated cases] will not be compromised by deciding a unique question wholly dependent on the law of the State of Arkansas."); *Karofsky v. Abbott Labs.*, 921 F. Supp. 18, 21 n. 4 (D. Me. 1996) (easier for federal judge in forum state to resolve issues implicating state law). Staying this proceeding, including ruling on defendants' partial motion to dismiss would be a waste of resources.

## II. Plaintiffs' Motion to Stay The Motion To Dismiss Should Be Denied.

### A. The Implied Warranty Claims Must Be Dismissed.

Plaintiffs say nothing in opposition to the motion to dismiss their implied warranty claims, and so they should be dismissed for the reasons set forth in Defendants' Motion to Dismiss.

### B. Plaintiffs' Deceptive Trade Practices Claim Warrants Dismissal.

It is unclear what, if any, statutory or other basis plaintiffs use as support for their deceptive trade practices allegations. Their Complaint is devoid of any relevant citations or references. Even with the benefit of plaintiffs' opposition to defendants' partial motion to dismiss such support is still murky.[2] One thing remains clear, however, wherever this claim stems from – be it Ohio common law or Ohio's CSPA – it fails as a matter of law.

#### 1. Plaintiffs Deceptive Trade Practices Claim is Preempted.

If plaintiffs intend to pursue a common law deceptive trade practices claim it fails because Ohio has eliminated common law product liability causes of actions.[3] Instead, Ohio requires all causes of action for personal injury stemming from an allegedly defective product to be prosecuted under the OPLA. *See, e.g., Routzahn v. Garrison*, No. 21190, 2006 WL 1984498, at *10 (Ohio App. July 14, 2006). To the extent that plaintiffs allege common law careless, deceptive, unconscionable, or unreasonable business or sales practices in relation to the Composix® Kugel® Hernia Patch such claims are preempted.

---

[2] However, in opposing defendants' partial motion to dismiss, plaintiffs do rely on cases interpreting Ohio's CSPA.

[3] Plaintiffs failed to offer any opposition to this argument when presented in defendants' partial motion to dismiss. As such, this Court should dismiss on this basis alone.

**2. Ohio's Consumer Sale Practices Act Is Inapplicable Here.**

Plaintiffs find no solace under Ohio statutory law either. In their efforts to refute defendants' Rule 8(a) arguments, plaintiffs contend that the following provision constitutes a deceptive trade practice in Ohio:

> Defendants Davol and Bard were aware that their Kugel Patch implants were malfunctioning and had design and/or manufacturing flaws. Despite this knowledge, Defendants Davol and Bard continued to market and sell Kugel Patches, and also failed to timely and adequately inform the FDA, surgical service personnel, surgeons, hospital risk managers, and patients of the serious adverse health risks that the Kugel Patch's design and/or manufacturing flaws presented.

Pl[s'] Opp. at 5. They continue by citing *Swiger v. Terminex Int'l Co., L.P.*, 1995 WL 396467, at *6 (Ohio App.2d Dist. 1995), for the proposition that "a knowing failure to disclose material information can constitute a deceptive act or practice under Ohio law." *Id.*

The "material information" that Davol or Bard purportedly failed to disclose was the allegedly defective nature of its Composix® Kugel® Patches. Even if this allegation was true, such conduct fails to constitute a deceptive or unconscionable act under Ohio's Consumer Sales Practices Act. *See Radford v. Daimler Chrysler Corp.*, 168 F. Supp. 2d 751, 754 (N.D. Ohio 2001) (dismissing a CSPA claim pursuant to Rule 12(b)(6) and holding "'[m]ere non-disclosure of a defect, without more, does not fall within the purview of deceptive or unconscionable practices prohibited by the Act.'") (quoting *Bierlein v. Bernie's Motor Sales, Inc.*, 1986 Ohio App. LEXIS 7181, *17 (Ohio App. 2d Dist. June 12, 1986)).

Plaintiffs' deceptive trade practices claim fails as a matter of law under any potential theory envisioned by plaintiffs and therefore warrants dismissal.

## CONCLUSION

For the foregoing reasons, C. R. Bard, Inc. and Davol Inc. respectfully requests that the Court grant its motion to dismiss and dismiss plaintiffs' claims as outlined in its papers.

Respectfully submitted this 23rd day of May, 2007.

**s/Jeffrey S. Moeller**
Gary D. Hermann (0025285)
Jeffrey S. Moeller (0074512)
Attorney for Defendant
HERMANN, CAHN & SCHNEIDER, LLP
1301 East Ninth Street, Suite 500
Cleveland, OH 44114
Tel: 216-781-5515
Fax: 216-781-1030
Email: jmoeller@hcsattys.com

Of Counsel:
Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2007, a copy of the foregoing Reply Brief was served via the Court's electronic distribution system.

**s/Jeffrey S. Moeller**
Gary D. Hermann (0025285)
Jeffrey S. Moeller (0074512)
Attorney for Defendant
HERMANN, CAHN & SCHNEIDER, LLP
1301 East Ninth Street, Suite 500
Cleveland, OH 44114
Tel: 216-781-5515
Fax: 216-781-1030
Email: jmoeller@hcsattys.com