IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD H. SAYLER, et al.** | ) | Case No. 1:07-CV-00765 |
| | ) | |
| Plaintiffs | ) | |
| | ) | JUDGE WELLS |
| v. | ) | |
| | ) | |
| **DAVOL, INC.**, et al. | ) | **PLAINTIFFS' BRIEF IN OPPOSITION** |
| | ) | **TO DEFENDANTS' PARTIAL MOTION** |
| Defendants | ) | **TO DISMISS AND MOTION TO STAY** |
| | ) | **PENDING DECISION BY THE** |
| | ) | **JUDICIAL PANEL ON** |
| | ) | **MULTIDISTRICT LITIGATION** |

Plaintiffs, Richard and Lucinda Sayler, by and through undersigned counsel, hereby oppose the Partial Motion To Dismiss (Docket No. 12) filed by Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), and move for an order staying all pretrial proceedings pending a decision by the Judicial Panel on Multidistrict Litigation (the "JPML" or "MDL Panel") concerning transfer and consolidation of this case with other federal actions in a Multi District Litigation Proceeding ("MDL").

Plaintiffs' action seeks redress for injuries sustained in connection with the surgical implantation of the now recalled Composix® Kugel® Mesh Patch (the "Patch" or "Kugel Patch") manufactured, sold and distributed by Defendants. Several actions asserting similar claims are pending in various Federal District courts. *See* Movant Montiel's Fourth Notice of Tag-Along Actions at Ex. A, Revised Schedule of Actions, attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1407, certain plaintiffs have moved the JPML for consolidation of all

pending federal actions seeking redress for injuries arising out of the use of the Kugel Patch. On May 31, 2007, the MDL Panel will conduct a hearing on the 28 U.S.C. § 1407 petition to determine whether the Kugel Patch litigation will go forward pursuant to an MDL.

A ruling by the Panel is imminent. Should the Panel grant the motions to consolidate, this action, along with all other pending federal actions, will be removed to the District court ordered for the purposes of coordinated pretrial proceedings. Accordingly, this Court's ruling on Defendant's Partial Motion to Dismiss should be deferred pending MDL proceedings. Indeed, all pretrial proceedings, including Defendants' Partial Motion to Dismiss, should be stayed pending the JPML's decision to transfer and consolidate.

## I. FACTS and PROCEDURAL HISTORY

Between the dates of 2001 and March, 2006, the Kugel® Mesh® Hernia Patch was manufactured, sold and distributed by Defendants. The Patch was used in thousands of surgical hernia repairs. Plaintiffs in this action, and in several pending federal actions, allege that the Kugel Patch was defective and dangerous in that the "memory coil" plastic ring which surrounds the mesh was prone to break leading to serious injuries. Due to the dangerous and defective condition of the Patch, and the numerous injuries that have been reported, the Food and Drug Administration ("FDA") has issued a Class I recall of several varieties of the Kugel Patch.

On February 23, 2007, plaintiffs in the action styled *Montiel v. Davol, Inc. et al.,* Case No. CA 07-064 in the United States District Court for the District of Rhode Island filed a petition under 28 U.S.C. § 1407 seeking transfer and coordination of pending federal actions asserting claims against Defendants for injuries stemming from the use of the Kugel Patch (In Re: Kugel Mesh Hernia Patch Litigation, MDL Docket No. 1842).[1]

---

[1] A hearing on the petition is scheduled for May 31, 2007, in Las Vegas, Nevada.

On March 15, 2007, Plaintiffs filed their Complaint (Docket No. 1). On March 23, 2007, before Defendants filed their Partial Motion to Dismiss, the Montiel plaintiffs filed a Notice of Tag-Along Actions in MDL Docket No. 1842, which included the instant case, to be transferred in connection with the 28 U.S.C. § 1407 MDL petition. *See* Movant Montiel's Notice of Tag-Along Actions, attached hereto as Exhibit B. On April 17, 2007, Defendants filed their Answer (Docket No. 10) and Partial Motion to Dismiss (Docket No. 12).

## II. ARGUMENT

### A. All Pretrial Proceedings, Including Defendants' Partial Motion to Dismiss, Should be Stayed Pending the 28 U.S.C § 1407 Petition to Transfer and Consolidate

All pretrial proceedings in this action, including a ruling on Defendants' Partial Motion to Dismiss, should be stayed pending the MDL Panel's forthcoming ruling in In Re: Kugel Mesh Hernia Patch Litigation, MDL Docket No. 1842. Should the Panel grant the 28 U.S.C. § 1407 petition, this action will be transferred to another District court for the purposes of coordinated pretrial proceedings. A "majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel…" *Rivers v. The Walt Disney Co.*, 980 F.Supp. 1358, 1362 (C.D. Cal. 1997), *citing American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, *6 (E.D. Pa 1992), *citing Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 WL 13725 (D.N.J. 1991); *Portnoy v. Zenith Labs.*, 1987 WL 10236, *1 (D.D.C. 1987).[2]

The power to stay proceedings is within the discretion of the district court. *Kaspar v. Merck & Co., Inc.*, 2006 WL 3627937, *1 (S.D. Ohio 2006), *citing Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Granting a stay is appropriate when it serves the interests of judicial

[2] All unreported cases are attached hereto at Attachment No. 1.

Case 1:07-cv-01853-MLL-DA Document 28 Filed 12/20/2007 Page 4 of 18

economy and efficiency. *See Id*.

The instant case will likely be transferred to a different District court for coordinated pretrial (MDL) proceedings. Accordingly, disposition of the claims asserted in Plaintiffs' Complaint is premature. Pretrial proceedings, including a ruling on Defendants' Partial Motion to Dismiss should be stayed until the pending motion to transfer and consolidate is ruled upon by the MDL Panel or until the coordinated MDL proceedings are concluded (assuming this action is ever returned to this Court for adjudication).

The interests of judicial economy and comity weigh in favor of staying pretrial proceedings and/or deferring any ruling on Defendants' Partial Motion to Dismiss. Indeed, a stay of proceedings in this Court is necessary and appropriate to achieve the judicial economies that underlie 28 U.S.C. § 1407. No prejudice to Defendants will ensue by staying pretrial proceedings and/or deferring ruling on Defendants' Motion pending the forthcoming decision by the MDL Panel, after which this action will likely be transferred.

### B. Plaintiffs' Complaint Satisfies the Liberal Notice Pleading Requirements of Federal Civil Rule 8

Should the Court elect not to stay these proceedings pending the MDL Panel's forthcoming ruling, it is clear that the Complaint satisfies Federal Civil Rule 8's liberal notice pleading standards. Rule 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a Rule 12(b)(6) motion to dismiss, a court must accept all well pleaded facts as true. *Goad v. Mitchell*, 297 F.3d 497, 500 (6th Cir.2002). Plaintiffs' Complaint sufficiently states product liability and deceptive trade practice claims under Ohio law and Rule 8.

In their Motion, Defendants argue that Plaintiffs' deceptive trade practices claim, as plead, fails to meet the requirements of Federal Civil Rule 8(a) (Memorandum In Support of

Partial Motion to Dismiss at p. 3 (Docket No. 13)). Specifically, Defendants claim that the Complaint "provides no detail as to what, if any, unfair or deceptive acts Defendants committed in relation to the Composix® Kugel® Hernia Patch." (*Id*). In addition, however, to alleging that "Defendants Davol and Bard engaged in careless and/or reckless and/or deceptive and/or unconscionable and/or unreasonable business and sales practices with regard to the product(s) at issue" (Complaint at ¶ 12 (Docket No. 1)), Plaintiffs allege the following in Paragraph 8 of the Complaint:

> Defendants Davol and Bard were aware that their Kugel Patch implants were malfunctioning and had design and/or manufacturing flaws. Despite this knowledge, Defendants Davol and Bard both continued to market and sell Kugel Patches, and also failed to timely and adequately inform the FDA, surgical service personnel, surgeons, hospital risk managers, and patients of the serious adverse health risks that the Kugel Patch's design and/or manufacturing flaws presented.

Plaintiffs have clearly set forth allegations sufficient to support their deceptive trade practices claim. *See Swiger v. Terminex Int'l Co. L.P.*, 1995 WL 396467, *6 (Ohio App. 2d Dist. 1995) (a knowing failure to disclose material information can constitute a deceptive act or practice under Ohio law). The Complaint satisfies Rule 8 and Defendants' Partial Motion to Dismiss should be denied.

Next, Defendants seek dismissal of Plaintiffs' deceptive sales practices claim for failure to satisfy the heightened requirements of Federal Civil Rule 9(b) for pleading fraud. Defendants cite no governing authority which suggests that Rule 9(b)'s heightened pleading requirements apply to claims for deceptive and/or unfair sales practices under Ohio law.[3] Indeed, under Ohio law, it is not required that a defendant make an affirmative representation of inaccurate or false information for a claim to be

[3] None of the decisions cited by Defendants in their Motion were issued by an Ohio court and none of said cases applied Ohio law.

actionable as a deceptive and/or unfair sales practices claim. *See Bellinger v. Hewlett Packard Co.*, 2002 WL 533403, *2 (Ohio App. 9th Dist. 2002).

Plaintiffs' claim for unfair and/or deceptive trade practices need not meet the heightened pleading requirements applicable to fraud claims under Ohio law. The Complaint satisfies Civil Rule 8 and sufficiently places Defendants on notice of their deceptive and/or unfair trade practices claim.

## III. CONCLUSION

This action will likely be transferred to a different District court and progress pursuant to consolidated MDL proceedings. Accordingly, all pretrial proceedings in this matter, including adjudication of Defendants' Partial Motion to Dismiss, should be stayed pending the MDL proceedings, and at least until the MDL Panel has issued a decision on the pending motion to transfer and consolidate under 28 U.S.C. § 1407. Absent a stay, this Court would have to waste time supervising pretrial proceedings and making rulings in a case over which it will likely soon (even if only temporarily) lose jurisdiction and probably never see again.

Alternatively, should the Court elect to rule on Defendants' Partial Motion to Dismiss, and before any transfer order is issued in connection with impending MDL proceedings, Plaintiffs claims satisfy the notice pleading requirements of Civil Rule 8(a) and are not subject to dismissal.[4]

For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter an order staying all pretrial proceedings in this matter pending a ruling by the MDL Panel on the pending motion to transfer and consolidate under 28 U.S.C. § 1407, and/or to stay

[4] Should this Court determine that Plaintiffs' allegations are insufficient under the Civil Rules, Plaintiffs respectfully seek leave to amend their Complaint.

the proceedings pending transfer of this action to coordinated MDL proceedings. Alternatively, Plaintiffs respectfully request the Court defer ruling on Defendants' Partial Motion to Dismiss pending a ruling by the MDL Panel and/or transfer of this action to coordinated 28 U.S.C. § 1407 proceedings. Finally, in the alternative, should the Court elect to rule on Defendants' Motion, Plaintiffs respectfully request the Court deny said Motion in its entirety.

Respectfully Submitted,

s/Nicholas A. DiCello 5/17/07
PETER J. BRODHEAD (0006733)
NICHOLAS A. DICELLO (0075745)
*Counsel for Plaintiffs*

OF COUNSEL:

SPANGENBERG, SHIBLEY & LIBER
1900 East Ninth Street, Suite 2400
Cleveland, Ohio 44114
(216) 696-3232
FAX: (216) 696-3924
pjb@spanglaw.com
nad@spanglaw.com

Case 1:07-cv-01853-MLL-DA Document 26 Filed 07/03/2007 Page 8 of 8

***CERTIFICATE OF SERVICE***

A copy of the foregoing ***Plaintiffs' Brief In Opposition To Defendants' Partial Motion To Dismiss And Motion To Stay Pending Decision By The Judicial Panel On Multidistrict Litigation*** was filed electronically with the Court on this 17th day of May, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system

Gary D. Hermann, Esq.
Jeffrey S. Moeller, Esq.
HERMANN, CAHN & SCHNEIDER
Ste. 500
1301 East Ninth Street
Cleveland, OH 44114
216-781-5515
Fax: 216-781-1030
Email: ghermann@hcsattys.com
Email: jmoeller@hcsattys.com
***Counsel for Defendants, Davol, Inc. and C. R. Bard, Inc.***

s/Nicholas A. DiCello 5/17/07
PETER J. BRODHEAD (0006733)
NICHOLAS A. DICELLO (0075745)
*Counsel for Plaintiffs*