**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA PATCH PRODUCT LIABILITY LITIGATION** | ) | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO:** Sayler, C.A. No. 1:07-1835 | ) | **Judge Mary Lisi** |

| | | |
|---|---|---|
| **RICHARD H. SAYLER**<br>35146 Quartermane<br>Bentleyville, OH 44139<br><br>And<br><br>**LUCINDA J. SAYLER**<br>35146 Quartermane<br>Bentleyville, OH 44139<br><br>Plaintiffs<br><br>v.<br><br>**DAVOL, INC.**<br>c/o Statutory Agent<br>C T Corporation System<br>815 Superior Avenue, N.E.<br>Cleveland, OH 44114<br><br>And<br><br>**C.R. BARD, INC.**<br>c/o Statutory Agent<br>C T Corporation System<br>815 Superior Avenue, N.E.<br>Cleveland, OH 44114<br><br>Defendants | ) | **PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**Jury Demand Endorsed Hereon** |

**BACKGROUND**

1. This court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 inasmuch as this is a diversity action and the amount in controversy is in excess of $75,000 exclusive of interest and costs. At all times relevant, Plaintiffs were and are residents of the State of Ohio.

2. Defendant Davol, Inc. ("Davol") is a corporation that is incorporated under the laws of the State of Rhode Island. Davol has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel® Hernia Patch ("Kugel Patch"), an FDA-approved Class II medical device, which is intended to facilitate the repair of ventral hernias. Davol focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant Davol has marketed and/or sold and/or distributed its Kugel Patch product within the Northern District of Ohio.

4. Defendant C.R. Bard, Inc. ("Bard") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of Davol, and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies Davol with material that forms part of the Kugel Patch.

5. Defendant Bard has marketed and/or sold and/or distributed the Kugel Patch product within the Northern District of Ohio.

**FIRST CAUSE OF ACTION**

6. Plaintiffs incorporate each and every allegation as if fully rewritten herein.

7. On or about December 7, 2005, Plaintiff Richard H. Sayler was implanted with a Large Oval (5.4″ x 7.0″) Bard Composix® Kugel® Hernia Patch, Lot number 43DPD310, in connection with a surgical hernia repair.

8. Said Kugel Patch failed to function as it was designed and intended.

9. Defendants Davol and Bard were aware that their Kugel Patch implants were malfunctioning and had design and/or manufacturing flaws. Despite this knowledge, Defendants Davol and Bard both continued to market and sell Kugel Patches, and also failed to timely and adequately inform the FDA, surgical service personnel, surgeons, hospital risk managers, and patients of the serious adverse health risks that the Kugel Patch's design and/or manufacturing flaws presented.

10. On or about December 22, 2005, and on several occasions thereafter, the FDA issued a recall of various categories of product codes and lot codes of the Kugel Patch. On January 10, 2007, this recall was extended to include the Kugel Patch implanted in Plaintiff Richard H. Sayler on or about December 7, 2005. On February 1, 2007, the Kugel Patch became the subject of a Class I recall.

11. Defendants Davol and Bard's product was defective in its design, manufacture, and construction, was defective in that it did not conform to representations made by its manufacturer, and was defective due to Defendants' Davol and Bard's failure to test, warn, and instruct and/or to do so adequately, both at the time of design, manufacture and marketing, and thereafter.

12. As a direct and proximate result of the conduct of the Defendant as described above, Plaintiff Richard H. Sayler has suffered severe injury, has endured conscious pain and suffering, has been rendered disabled, has incurred hospital, medical, and equipment expenses, has suffered a loss of earning capacity and other economic loss, and was otherwise injured, the extent of which will be more fully adduced at the trial of this matter. All of the foregoing injuries and damages will continue into the future for an indefinite period of time.

WHEREFORE, Plaintiff Richard H. Sayler prays for judgment against Defendant in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), which will fully, fairly, and adequately compensate him for his injury, damage, and loss.

## SECOND CAUSE OF ACTION

13. Plaintiffs incorporate each and every preceding paragraph as if fully rewritten herein.

14. As the manufacturer, Defendants had an affirmative duty to disclose any and all defects which they knew or in the exercise of reasonable care should have known posed an unreasonable risk of significant harm to its users like Plaintiff Richard Sayler.

15. By the time of Plaintiffs' procedure on December 7, 2005, upon information and belief, the Defendants knew or in the exercise of reasonable care should have known that the Large Oval (5.4″ x 7.0″) Bard Composix® Kugel® Hernia Patch, Lot number 43DPD310 posed an unreasonable risk of significant harm to its users like Plaintiff Richard Sayler.

16. The unreasonable risk of serious harm posed by the "memory recoil ring" in the Large Oval (5.4″ x 7.0″) Bard Composix® Kugel® Hernia Patch was material to Plaintiff Richard Sayler's decision to consent to its use and his physician's decision to use it.

17. Upon information and belief, the Defendants' knowingly and/or recklessly failed to disclose and/or concealed the risk posed by the "memory recoil ring" with the intent of misleading patients and physicians to rely upon it.

18. Plaintiff and his surgeon justifiably relied on the Defendants' false representations that its product was safe and effective for its intend use.

19. As a direct and proximate result of the reliance described above, Plaintiff Richard H. Sayler has suffered severe injury, has endured conscious pain and suffering, has been rendered disabled, has incurred hospital, medical, and equipment expenses, has suffered a loss of earning capacity and other economic loss, and was otherwise injured, the extent of which will be more fully adduced at the trial of this matter. All of the foregoing injuries and damages will continue into the future for an indefinite period of time.

WHEREFORE, Plaintiff Richard H. Sayler prays for compensatory and punitive damages against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00),

which will fully, fairly, and adequately compensate him for his injury, damage, and loss and which will adequately deter and/or punish the Defendants' fraudulent conduct.

**THIRD CAUSE OF ACTION**

20. Now comes Plaintiff, Lucinda J. Sayler, and incorporates as if fully rewritten herein the allegations set forth in the First Claim for Relief, and further states that she is the wife of Plaintiff Richard H. Sayler.

21. As a direct and proximate result of the aforedescribed conduct of Defendants, Plaintiff Lucinda J. Sayler has been deprived of the society, aid, services, consortium, and support of her husband, has incurred medical and other expenses, and has otherwise suffered loss, the extent of which will be more fully adduced at the trial of this matter.

WHEREFORE, Plaintiff Lucinda J. Sayler prays for judgment against Defendants in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), which will fully, fairly, and adequately compensate her for her injury, damage, and loss.

WHEREFORE, Plaintiffs Richard H. Sayler and Lucinda J. Sayler pray for judgment against the Defendants in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), in compensatory and punitive damages together with the fees and costs of this action, which will fully, fairly, and adequately compensate for the aforementioned injury, damage, and loss, and adequately deter and punish the Defendants' misconduct as well as any further relief the Court deems equitable and just.

A TRIAL BY JURY IS HEREBY DEMANDED.

s/Rhonda Baker Debevec
PETER J. BRODHEAD (0006733)
RHONDA BAKER DEBEVEC (0068260)
NICHOLAS A. DICELLO (0075745)
*Counsel for Plaintiffs*

OF COUNSEL:

SPANGENBERG, SHIBLEY & LIBER
1900 East Ninth Street, Suite 2400
Cleveland, Ohio 44114
(216) 696-3232
FAX: (216) 696-3924
pjb@spanglaw.com
nad@spanglaw.com
rbd@spanglaw.com

## CERTIFICATION

I hereby certify that on this 4th day of January, 2008, that a true copy of the foregoing Plaintiffs' First Amended Complaint has been filed electronically and that it is available for viewing and downloading from the ECF system. I also certify that a true copy of this document was also mailed or electronically mailed to the following:

**Ernest Cory** ecory@cwcd.com

**Kirby T. Griffis** kgriffis@spriggs.com

**Mark T. Nugent** mnugent@morrisonmahoney.com

**Thomas M. Robinson** trobinson@morrisonmahoney.com

**Teresa C Toriseva** tct@wtwlaw.us

**Samuel J. Abate, Jr**
Pepper Hamilton LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405

**Andrew L. Colocotronis**
Baker, Donelson, Bearman, Caldwell & Berkowitz
900 South Gay Street
2200 Riverview Tower
Knoxville, TN 37902

**Kathleen Ann DeLaney**
Delaney & Delaney LLC
3640 North Washington Blvd.
Indianapolis, IN 46205

**John A. Fagg, Jr**
Moore & Van Allen
100 N. Tryon Street
Suite 4700
Charlotte, NC 28202-4003

**Gary D. Hermann**
Hermann, Cahn & Schneider
Suite 500
1301 East Ninth Street
Cleveland, OH 44114

**James B. Irwin**
Irwin Fritchie
400 Poydras Street
Suite 2700
New Orleans, LA 70130

**D. Mitchell McFarland**
Harrison Bettis Staff McFarland & Weems
500 Dallas Street
Suite 2600
Houston, TX 77002

**Robert H. Pedersen**
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

**Michelle R. Schwarz**
Mandelbaum & Schwarz
2012 Hamilton Lane
Suite 303
Las Vegas, NV 89106

**Lesley Stine**
Saieva, Rousselle & Stine
601 W. Swann Ave., Suite B
Tampa, FL 33606

**Kara T. Stubbs**
Baker Sterchi Cowden & Rice
2400 Pershing Road
Suite 500
Kansas City, MO 64108

**Kevin K. Trout**
Heron Sweet Fox & Trout
2601 NW Expressway
Suite 707 W
Oklahoma City, OK 73112

**Danene J. Tushar**
Fraser Stryker Law Firm
409 South 17th Street
Suite 500 Energy Plaza
Omaha, NE 68102

**David Bowman White**
Gallivan White and Boyd
PO Box 1505
Greenville, SC 29603

**Dennie M. Zankel**
Baker and Sterchi
1010 Market Street
Suite 950
St. Louis, MO 63101

**Peter J. Brodhead**
**Nicholas A. DiCello**
Spangenberg, Shibley & Liber
2400 National City Center
1900 East Ninth Street
Cleveland, OH 44114

**Gary D. Hermann**
**Jeffrey S. Moeller**
Hermann, Cahn & Schneider
Suite 500
1301 East Ninth Street
Cleveland, OH 44114

/s/ Donald A. Migliori
Donald A. Migliori
RI Bar#4937
Motley Rice LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940
Telephone: 401-457-7700
Fax: 401-457-7708